**Jose RODRIGUEZ, Petitioner–Appellant,**

v.

**David MILLER, Respondent–Appellee.**

Docket No. 01–2719.

United States Court of Appeals, Second Circuit.

Nov. 18, 2003.

Katheryne M. Martone, Legal Aid Society, Criminal Appeals Bureau, Brooklyn, NY, for Appellant.

Victor Barall, Assistant District Attorney, Brooklyn, NY, for Appellee.

Present: CALABRESI, POOLER, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

 Petitioner Jose Rodriguez appeals from a judgment of the district court denying his application for a writ of habeas

corpus. Rodriguez's claim is based on the state court's decision to exclude his brother and mother during the testimony of an undercover officer unless these relatives consented to the use of a screen to conceal the undercover officer's identity. The district court determined that the state appellate court did not unreasonably interpret *Waller v. Georgia,* 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), when it held that the screen was a reasonable alternative to closure. Both the state and district courts assumed that use of the screen was an alternative to closure rather than a partial closure. Neither considered whether it was necessary to close the courtroom to Rodriguez's relatives before considering whether the screen constituted a reasonable alternative to closure. Finally, neither court considered the possible prejudice to Rodriguez from the use of a screen when assessing whether its use was a reasonable alternative to closure. *See Ayala v. Speckard,* 131 F.3d 62, 71–72 (2d Cir.1997) (en banc) (cautioning that the use of a screen "pose[s] substantial risks to a fair trial for the defendant").

We vacate and remand largely because the district court did not have the benefit of our recent decision in *Yung v. Walker,* 341 F.3d 104 (2d Cir.2003). In *Yung,* we first reviewed the test *Waller* articulates for courtroom closures. *Id.* at 109. *Waller* allows the closure of the courtroom only if

> the party seeking to close the hearing . . . advance[s] an overriding interest that is likely to be prejudiced, the closure [is] no broader than necessary to protect that interest, the trial court . . . consider[s] reasonable alternatives to closing the proceeding, and it . . . make[s] findings adequate to support the closure.

467 U.S. at 48. We then held that

> *Waller's* second mandate–that the closure be no broader than required to

protect the overriding interest at stake–necessarily applies to both the duration of the closure and to the portion of the public to be excluded. Thus *Waller* prevents a court from denying a family member's request to be exempted from a courtroom closure order unless the court is convinced that the exclusion of that particular relative is necessary to protect the overriding interest at stake. Indeed it would be an unreasonable interpretation of *Waller* for a court to deny such a request if the exclusion of that particular relative under the specific circumstances at issue, is not necessary to promote the overriding interest.

*Yung,* 341 F.3d at 110–11.

On remand, the district court should reconsider its prior holding in light of our determination that it would be an unreasonable application of *Waller* to deny a family member's request to be present for trial if the exclusion of that particular family member is not necessary to promote the overriding interest that the court identified. In reconsidering, it should further examine (1) whether it was necessary to exclude Rodriguez's family members in order to ensure the safety and efficacy of the undercover officer; (2) whether the use of a screen is properly characterized as a partial closure or an alternative to closure within a *Waller* analysis; (3) whether assuming the use of the screen is an alternative to closure, it is a reasonable alternative within the meaning of *Waller* given its potential prejudicial effect; and (3) whether assuming the use of the screen is a partial closure, the state court reasonably applied *Waller* by mandating the use of the screen. We express no views on the merits of any of these questions.